UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$12,823,819.44 SEIZED FROM BANK OF AMERICA BUSINESS CHECKING ACCOUNT ENDING IN 0050, et al.,<br><br>*Defendants in rem*. | Case No. 24-cv-10533<br><br>Honorable Robert J. White |

**OPINION AND ORDER DENYING THE CLAIMANTS' MOTION TO DISMISS THE SECOND AMENDED VERIFIED COMPLAINT FOR FORFEITURE**

I. Introduction

The government commenced this civil *in rem* forfeiture action against the funds deposited into several American bank accounts. $268,261.35 of those funds are from a business checking account belonging to a Colorado company named Premium Buybacks, LLC. Jordan Bryant is Premium's sole owner (the "Claimants," collectively).

Before the Court is the Claimants' motion to dismiss the government's second amended verified forfeiture complaint. (ECF No. 45). The government responded

in opposition. (ECF No. 60). The Claimants filed a reply. (ECF No. 61). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is denied.

## II. Background

### *A. Factual History*

On December 4, 2023, the United States Drug Enforcement Administration ("DEA") seized all the money in the Claimants' business checking account as part of its investigation into a "Colombian drug trafficking organization." (D. Colo. Case No. 24-cv-02114, ECF No. 10-1, PageID.1, 3; *see also* ECF No. 14, PageID.247, ¶ 16g). The DEA discovered that a suspected money courier associated with the organization had made several bank deposits in the Detroit metropolitan area. (ECF No. 14, PageID.247, ¶ 16g-j). Evidence seized from the courier, including images from his cellphone, indicated that he had made two cash deposits into the Claimants' bank account. (*Id.*, PageID.250-51, 254 ¶ 16m, o, x). He deposited $7,700 into the account on October 24, 2023 and $5,000 on November 15, 2023. (*Id.*, PageID.254, ¶ 16x). Both deposits appear to have been structured to avoid bank reporting requirements for cash deposits exceeding $10,000. *See* 31 U.S.C. §§ 5313(a), 5324(a); *see also* 31 C.F.R. §§ 1010.100(xx), 1010.314(c).

*B. Procedural History*

The DEA notified the Claimants about the seizure on February 2, 2024. (D. Colo. Case No. 24-cv-02114, ECF No. 10-1, PageID.1, 3). The Claimants filed their claim to the seized funds on February 28, 2024. (*Id.*, ECF No. 10-3, PageID.1, 5, 10, 14). The government instituted this civil forfeiture proceeding through a sealed verified complaint on March 1, 2024. (ECF No. 1). The government amended the complaint on May 20, 2024, to include the seized funds as an additional *in rem* defendant. (ECF No. 5).

On July 31, 2024, the Claimants commenced a separate action against the DEA in the United States District Court for the District of Colorado. (D. Colo. Case No. 24-cv-02114, ECF No. 1). The complaint demanded the return of the seized funds pursuant to Federal Rule of Criminal Procedure 41(g). (*Id.*). The government moved to dismiss the complaint for lack of *in rem* jurisdiction and improper venue. (*Id.*, ECF No. 10). It argued that the Claimants should have challenged the seizure in this action because the Eastern District of Michigan possessed the requisite jurisdiction over the seized funds. (*Id.*, ECF No. 10, PageID.4-11). The government's motion identified this proceeding (by case number and presiding district judge) as the appropriate forum to obtain the requested relief. (*Id.*, ECF No. 10, PageID.7-11).

The Colorado district judge agreed. He dismissed the case for improper venue and issued a judgment in the government's favor on September 10, 2025. (*Id.*, ECF No. 20, PageID.9; ECF No. 21). The Claimants did not appeal from the judgment or pursue any legal remedies in this proceeding over the next nine months.

On March 13, 2026, the undersigned ordered the unsealing of the operative complaint in this case. (ECF No. 12, PageID.135, ¶ 1). The Clerk of the Court issued an *in rem* arrest warrant for the seized funds on April 10. (ECF No. 21). The Claimants moved to dismiss the operative complaint – the second amended verified forfeiture complaint – two months later. (ECF No. 45).

## III. Legal Standards

The rules governing civil *in rem* forfeiture actions are located in the Civil Asset Forfeiture Reform Act of 2000 (codified principally at 18 U.S.C. §§ 983, 985 and 28 U.S.C. § 2465) and Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules"). *See United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 433 (6th Cir. 2016).

Supplemental Rule G(2) requires the government to file a verified complaint that "describe[s] the property with reasonable particularity," "identif[ies] the statute under which the forfeiture action is brought," and "state[s] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of

proof at trial." Supp. Rule G(2)(a)-(f); *see also United States v. $31,000.00 in United States Currency*, 872 F.3d 342, 347 (6th Cir. 2017).

The government's burden at trial is to show, "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Where the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must also "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

Federal courts are prohibited from dismissing a forfeiture complaint "on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); *see also* Supp. Rule G(8)(b)(ii). All that matters is the complaint comports with Supplemental Rule G(2). *See* Supp. Rule G(8)(b)(ii). As with any motion to dismiss a complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also First Merit Bank*, 664 F. App'x at 433; Fed. R. Civ. P. 12(b)(6); Supp. Rule G(8)(b)(i).

IV. Analysis

The Claimants seek dismissal of the second amended verified forfeiture complaint ("SAVFC") on several grounds. None of them are availing.

*Pleading Sufficiency*. The Claimant's first assert that the SAVFC fails to meet the requisite pleading standards. (ECF No. 46, PageID.375-77). The Court disagrees.

As to the applicable law, the government alleges that the seized funds are subject to forfeiture (1) as "traceable" to an exchange of money "for a controlled substance" (21 U.S.C. § 881(a)(6)); (2) as personal property involved in an illicit monetary transaction or attempted transaction (18 U.S.C. § 981(a)(1)(A)); and (3) as personal property involved in or traceable to a violation of, or a conspiracy to violate, currency reporting statutes (31 U.S.C. § 5317(c)(2)(A)).

And as to the relevant facts, the complaint asserts (1) that a suspected money courier deposited cash into the Claimants' business checking account on two occasions – October 24 and November 15, 2023 (ECF No. 14, PageID.247-51, 254, ¶¶ 16g-q, x); (2) the two deposits – in the amounts of $7,700 and $5,000 – are whole numbers, each less than $10,000, which appear to have been structured to avoid currency reporting statutes (*id.*, PageID.254, ¶ 16x); and (3) that Premium Buybacks "has links to international commerce, consistent with a trade-based money laundering operation." (*Id.*, PageID.255, ¶ 16y).

Viewing these allegations in the government's favor (as the Court must), they establish "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rule G(2)(f). The SAVFC is, therefore, facially adequate.

*Due Process*. Next, the Claimants argue that the government delayed this forfeiture proceeding in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (ECF No. 46, PageID.377-81).

The Fifth Amendment says that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[D]ue process requires a postseizure determination within a reasonable time of the seizure." *United States v. Von Neumann*, 474 U.S. 242, 248 (1986). The United States Supreme Court applies the balancing test established in *Barker v. Wingo*, 407 U.S. 514 (1972) to determine whether a delay is reasonable. *Id.* The *Barker* test weighs four factors – the length of any delay, the reason for the delay, the defendant's assertion of his right, and the prejudice suffered by the defendant. *Id.* Each factor favors the government.

With respect to the length of the delay (*Barker* factor one), the government amended this action to identify the seized funds 83 days after the Claimants filed a claim in the administrative forfeiture proceeding (on February 28, 2024). (ECF No. 5; *see also* D. Colo. Case No. 24-cv-02114, ECF No. 10-3, PageID.10, 14). This timeframe comports with the Civil Asset Forfeiture Reform Act. *See* 18 U.S.C. §

983(a)(3)(A) (requiring the government to file an *in rem* civil forfeiture proceeding "[n]ot later than 90 days after a claim has been filed").

The Claimants also first became aware of this proceeding on August 14, 2024 – 86 days after the government amended the initial verified forfeiture complaint. (ECF No. 5). At that juncture, the Assistant United States Attorney defending the Claimants' civil suit in the District of Colorado had informed their counsel of "a civil forfeiture case [that] had been filed in the Eastern District of Michigan in which the seized funds identified in the complaint were named as a defendant asset." (D. Colo. Case No. 24-cv-02114, ECF No. 10, PageID.2-3). The government provided counsel with this proceeding's case number, as well as the presiding district judge's name, since the case was sealed. (*Id.*, ECF No. 11, PageID.3). Yet the Claimants never moved to partially unseal the SAVFC and dismiss the relevant allegations asserted against the seized funds. Instead, the Claimants waited until nearly three months after the Court unsealed the SAVFC to file the current motion. (ECF Nos. 12, 45).

Because the Claimants could have challenged this proceeding as early as August 14, 2024 – eight months after the government's seizure (in December 2023) and less than six months after the Claimants filed their administrative claim (in February 2024) – the length of the delay is not unreasonable.

Even if this delay could be viewed as unduly prolonged, however, the remaining *Barker* factors still favor the government. *See Cremeans v. Taczak*, No. 22-3730, 2023 U.S. App. LEXIS 21425, at *12 (6th Cir. Aug. 14, 2023) (finding that an Ohio Supreme Court case, which had applied the *Barker* factors, clearly established that "a five-and-a-half-month delay in initiating forfeiture proceedings with no credible justification is unlawful, even without the exercise of diligence or suffering of prejudice.").

Consider the reason for the delay (*Barker* factor two). The district judge previously assigned to this matter sealed the case based on the government's representation that disclosure would "alert the subjects of the extent and direction of the investigation," "likely result in the destruction or tampering of evidence," and "likely prevent law enforcement agents from seizing additional funds for forfeiture." (ECF No. 2, PageID.149). And the district judge agreed with the government's position that any civil discovery would "expose a sensitive ongoing criminal investigation to those whom the Government is investigating." (ECF No. 2, PageID.149; *see also* ECF No. 3, PageID.151-52). So insofar as the Claimants attribute any delay to the sealing of these proceedings, the reason for the delay is warranted. *See United States v. Real Prop. Known as 223 Spring Water Lane*, No. 18-315, 2020 U.S. Dist. LEXIS 266538, at *17 (E.D. Ky. Apr. 6, 2020) ("The

Government undoubtedly has a significant interest in protecting the confidentiality of an ongoing, related investigation.”).

The Claimants also had a sufficient opportunity to assert their rights (*Barker* factor three). Again, they first became aware of this proceeding on August 14, 2024, during their civil suit in the District of Colorado. (D. Colo. Case No. 24-cv-0214, ECF No. 10, PageID.2-3). But rather than move to partially unseal this case and contest the seizure here, the Claimants pursued their claims in the Colorado district court unsuccessfully, and waited an additional nine months to move for the dismissal of the SAVFC. So the delay did not foreclose the Claimants from disputing the government’s seizure of the funds.

What is more, the Claimants did not suffer prejudice because of the delay (*Barker* factor four). “The primary inquiry” regarding prejudice is “whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence.” *United States v. $8,850 in United States Currency*, 461 U.S. 555, 569 (1983); *see also United States v. Ninety-Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003). The Claimants attribute prejudice to (1) the financial hardship stemming from their inability to access the seized funds, and (2) a generalized notion that the passage of time has “made it harder” for them to “discover facts.” (ECF No. 46, PageID.380). These types of harm do not satisfy the level of prejudice contemplated under *Barker*. *See Ninety-*

*Three Firearms*, 330 F.3d at 426 (ruling that the claimant failed to establish prejudice because he "failed to provide this court with any evidence of how the delay in bringing the judicial proceeding has prejudiced his defense."); *Bush v. Banks*, No. 98-5267, 1999 U.S. App. LEXIS 8751, at *10 (6th Cir. May 5, 1999) (holding that physical damage to a seized vehicle did not qualify as prejudice under *Barker*).

So tying all the *Barker* factors together, any delay that could be attributed to the government did not violate the Claimants' procedural due process rights.

*Excessive Fines*. The Claimants further maintain that the government's seizure of *all* the money in their bank account – as opposed to limiting the seizure to the amount the suspected courier actually deposited – violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 46, PageID.381-82).

The Eighth Amendment prohibits the imposition of "excessive fines," U.S. Const. amend. VIII, which addresses a basic concern for "proportionality." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). That means "the fine imposed must bear some relationship to the gravity of the offense that it is designed to punish." *Id.*; *see also United States v. Mukhdomi*, 170 F.4th 509, 513 (6th Cir. 2026). Supplemental Rule G(8)(e) expressly authorizes claimants to "seek to mitigate a forfeiture" by asserting an excessive fines defense through either (1) a summary judgment motion, or (2) a motion made after the entry of a forfeiture judgment.

Courts must afford the parties an "opportunity to conduct civil discovery on the defense" before the claimant moves for such relief. Supp. Rule G(8)(e)(ii).

Here, the Claimants misunderstand the nature of the proportionality analysis. In a civil forfeiture proceeding, the Court must assess the comparative relationship between the monetary amount forfeited and the *gravity of underlying conduct* resulting in the seizure. The relevant test is not whether the monetary amount forfeited directly and exclusively corresponds to the monetary amount involved in the underlying conduct. *See* 18 U.S.C. § 983(g)(2) (directing courts to "compare the forfeiture to the gravity of the offense giving rise to the forfeiture").

The Claimants' motion is premature as well. The purpose of requiring civil discovery into an excessive fines defense is so the parties may (1) obtain facts about the underlying conduct resulting in the forfeiture, (2) submit any pertinent materials to the court, and (3) afford the court an opportunity to assess that information and determine proportionality. *See* 18 U.S.C. § 983(g)(3) (assigning to the claimant "the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing"). Granting the motion to dismiss based on an excessive fines defense would pretermit this critical fact-finding process. *See United States v. $79,321 in United States Currency*, 522 F. Supp. 2d 64, 73 n.5 (D.D.C. 2007) (collecting cases).

*Innocence*. Lastly, the Claimants maintain that the government must return the seized funds because they are innocent of any wrongdoing or crime. (ECF No. 46, PageID.382-83).

An innocent owner's property interest may not be forfeited under any civil forfeiture statute. 18 U.S.C. § 983(d)(1). An "innocent owner" means, in relevant part, an "owner who did not know of the conduct giving rise to forfeiture." *Id.* at § 983(d)(2)(A). The claimant has the burden of establishing his innocent-owner status. *Id.* at § 983(d)(1). The burden of proof is preponderance of the evidence. *Id.*

Akin to their excessive fines defense, since the adjudication of the Claimants' innocence requires a factual determination, their motion to dismiss on this ground is likewise premature. The question of innocence is more appropriately suited for disposition at the summary judgment phase, once discovery is completed. *See United States v. One 1997 E35 Ford Van*, 50 F. Supp. 2d 789, 807 (N.D. Ill. 1999) ("determining whether a claimant is an innocent owner is ordinarily not susceptible to a motion to dismiss."); *United States v. All Right, Title & Interest in Five Parcel of Real Property and Appurtenances Thereto Known as 64 Lovers Lane*, 830 F. Supp. 750, 762 (S.D.N.Y. 1993) (denying a motion to dismiss where the claimant's innocent owner defense was "bound up with factual questions that may be resolved on a motion for summary judgment at the conclusion of discovery, or perhaps at trial."). Accordingly,

IT IS ORDERED that the Claimants' motion to dismiss the second amended verified forfeiture complaint (ECF No. 45) is denied.

Dated: November 10, 2026

s/ Robert J. White
Robert J. White
United States District Judge